UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
RICHARD JOHN HAMEDL and CAROL RYDER          **CIVIL ACTION NO.**
HAMEDL (a.k.a. CAROL RYDER and CAROL HAMEDL),   10-CV-2738 (SJF)(WDW)

                                       Plaintiffs,

            -against-

DR EDWARD M. WEILAND, LONG ISLAND
INTEGRATED MEDICAL GROUP, VERIZON
COMMUNICATIONS, INC., METROPOLITAN LIFE
ASSURANCE COMPANY, THE COMMUNICATION        DOCUMENT
WORKERS OF AMERICA, ARIADNE STAPLES,        ELECTRONICALLY FILED
PERSONALLY AND PROFESSIONALLY, LINDA
MIKALIK, PERSONALLY AND PROFESSIONALLY, JIM
ARONE, PERSONALLY AND PROFESSIONALLY, JOHN
CROKE, PERSONALLY AND PROFESSIONALLY,
ROLAND MORGAN, PERSONALLY AND
PROFESSIONALLY, NANCY BRANHAM, PERSONALLY
AND PROFESSIONALLY, JOHN DOE, JANE DOE, IN
THEIR OFFICIAL AND PERSONAL CAPACITIES,

                                    Defendants.
-------------------------------------------------------------------------------X


# DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND ARIADNE STAPLES'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendants
Metropolitan Life Insurance Company and
Ariadne Staples
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... I

PRELIMINARY STATEMENT ....................................................................................... 1

RELEVANT FACTS ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT .............. 3

STANDARD OF REVIEW ............................................................................................. 4

ARGUMENT .............................................................................................................. 5

    POINT I

    PLAINTIFFS' EIGHTH CAUSE OF ACTION FAILS TO PLEAD A CLAIM FOR RELIEF
    AGAINST METLIFE OR STAPLES ........................................................................ 5

    POINT II

    PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM THAT
    ARIADNE STAPLES WAS ACTING IN HER INDIVIDUAL CAPACITY ........................... 10

    POINT III

    PLAINTIFFS' FOURTEENTH CAUSE OF ACTION AGAINST METLIFE SHOULD BE
    DISMISSED ........................................................................................................ 12

    POINT IV

    PLAINTIFFS' FIFTEENTH CAUSE OF ACTION AGAINST METLIFE FOR
    PURPORTED ERISA VIOLATIONS FAILS TO STATE A CLAIM FOR WHICH RELIEF
    MAY BE GRANTED ............................................................................................. 14

CONCLUSION ........................................................................................................... 16

CERTIFICATE OF SERVICE ............................................................................... Attached

## TABLE OF AUTHORITIES

### CASES

*A.S. Rampell, Inc.* v. *Hyster Co.*,
 3 N.Y.2d 369, 165 N.Y.S.2d 475 (N.Y. 1957) ...................................................................11

*Abatie* v. *Alta Health & Life Ins. Co.*,
 458 F.3d 955 (9th Cir. 2006) .................................................................................................7

*ADL, LLC* v. *Tirakian*,
 No. 06-cv-5076 (SJF)(MDG), 2010 WL 3926135 (E.D.N.Y. Sept. 29, 2010)...................9

*Aetna Health Inc.* v. *Davila*,
 542 U.S. 200 (2004);................................................................................................... 12, 14

*Arnold* v. *Storz*,
 No. 00-cv-4485(CBA), 2005 WL 2436207 (E.D.N.Y. Sept. 30, 2005)...........................15

*Ashcroft* v. *Iqbal*,
 _ U.S. _, 129 S. Ct. 1937, 1949 (2009).............................................................................5

*AUSA Life Ins. Co.* v. *Ernst & Young*,
 206 F.3d 202 (2d Cir. 2000) ..................................................................................................9

*Aymes* v. *Gateway Demolition Inc.*,
 30 A.D.3d 196, 817 N.Y.S.2d 233 (1st Dep't 2006) ...........................................................8

*Bell Atlantic Corp.* v. *Twombly*,
 550 U.S. 544 (2007).............................................................................................................5

*Bordas* v. *Payant*,
 09-1249, 2010 WL 1635714 (2d Cir. Apr. 22, 2010) .........................................................5

*Brackett* v. *Griswold*,
 112 N.Y. 454, 20 N.E. 376 (N.Y. ]1889) .............................................................................8

*Canelle* v. *Russian Tea Room Realty LLC*,
 No. 01 Civ. 0616(DAB), 2002 WL 287750 (S.D.N.Y. Feb. 27, 2002) .............................11

*Carlson* v. *Porter*,
 53 A.D.3d 1129, 861 N.Y.S.2d 907 (4th Dep't 2008) .......................................................11

*Cement & Concrete Workers Dist. Council Welfare Fund* v. *Lollo*,
 148 F.3d 194 (2d Cir. 1998) ................................................................................................13

*Chambless* v. *Masters, Mates & Pilots Pension Plan,*
    772 F.2d 1032 (2d Cir. 1985) ...................................................................15

*Cicio* v. *Does,*
    208 F. Supp. 2d 288 (E.D.N.Y. 2001), *aff'd* on these grounds 321 F.3d 82 (2d Cir. 2003) ............12

*Conkright* v. *Frommert,*
    130 S.Ct. 1640 (2010) ..............................................................................14

*Conley* v. *Gibson,*
    355 U.S. 41 (1957) .....................................................................................5

*DiVottorio* v. *Equidyne Extractive Indus., Inc.,*
    822 F.2d 1242 (2d Cir. 1987) .................................................................6, 12

*Engers* v. *AT&T,*
    428 F. Supp. 2d 213 (D. N.J. 2006) *reconsideration denied*, No. 98-3660 (JLL),
    2006 WL 3359722 (D. N.J. Nov. 20, 2006) .............................................14

*Faber* v. *Metropolitan Life Ins. Co.,*
    No. 08 Civ. 10588(HB), 2009 WL 3415369 (S.D.N.Y. Oct. 23, 2009) ...........................4, 5

*Gaidon* v. *Guardian Life Ins. Co.,*
    94 N.Y.2d 330, 704 N.Y.S.2d 177 (N.Y. 1999) ......................................6

*Gerosa* v. *Savasta & Co. Inc.,*
    329 F.3d 317 (2d Cir. 2003) ....................................................................16

*Giannone* v. *Metropolitan Life Ins. Co.,*
    311 F. Supp. 2d 168 (D. Mass. 2004) .......................................................7

*Hamilton* v. *Accu-Tek,*
    935 F. Supp. 1307 (E.D.N.Y. 1996) .........................................................8

*Hertz Corp.* v. *City of New York,*
    1 F.3d 121 (2d Cir. 1994).........................................................................5

*Holmes* v. *Grubman,*
    568 F.3d 329 (2d Cir. 2009) .....................................................................4

*Kendall* v. *Employees of Retirement Plan of Avon Prods.,*
    561 F.3d 112 (2d Cir. 2009) ....................................................................16

*Kennedy* v. *Empire Blue Cross & Blue Shield,*
    989 F.2d 588 (2d Cir. 1993) ....................................................................14

*Klotz* v. *Xerox Corp.,*
    332 Fed. Appx. 668 (2d Cir. 2009)...........................................................14

NY/624098v1

*Kuelling* v. *Roderick Lean Mfg. Co.*,
    183 N.Y. 78 (N.Y. 1905) ........................................................................................8

*Kuiters* v. *Kukulka*,
    57 A.D.3d 1469, 871 N.Y.S.2d 538 (4th Dep't 2008) ............................................8

*Lama Holding Co.* v. *Smith Barney Inc.*,
    88 N.Y.2d 413, 646 N.Y.S.2d 76 (N.Y. 1996) .....................................................6

*Lee* v. *Burkhart*,
    991 F.2d 1004 (2d Cir. 1993) ..............................................................................15

*Maniatty* v. *Unumprovident Corp.*,
    218 F. Supp. 2d 500 (S.D.N.Y. 2002), *aff'd* 62 Fed.Appx. 413 (2d Cir. 2003) ....................7

*Marine Midland Bank* v. *John E. Russo Produce Co.*,
    50 N.Y.2d 31, 427 N.Y.S.2d 961 (N.Y. 1980) ....................................................11

*Massachusetts Life Ins. Co.* v. *Russell*,
    473 U.S. 134 (1985)..............................................................................................15

*Metropolitan Life Ins. Co.* v. *Taylor*,
    41 U.S. 58 (1987) .................................................................................................12

*New York Univ.* v. *Continental Ins. Co.*,
    87 N.Y.308, 639 N.Y.S.2d 283 (N.Y. 1995) .........................................................6

*Pappas* v. *Harrow Stores, Inc.*,
    140 A.D.2d 501, 528 N.Y.S.2d 404 (2d Dep't 1988) ......................................9, 13

*Pensee Assocs., LTD* v. *Quon Industs., LTD.*,
    241 A.D.2d 354, 360, 600 N.Y.S.2d 563, 567 (1st Dep't 1997)............................8

*Pilot Life Ins. Co.* v. *Dedeaux*,
    481 U.S. 41 (1987) ...............................................................................................12

*Pochady* v. *Building Serv. 32B-J Pension Fund*,
    5 Fed. Appx. 16, 2001 WL 209872 (2d Cir. 2001)...............................................15

*Pope* v. *Rice*,
    No. 04 Civ. 4171(DLC), 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005) .................12

*Riviello* v. *Waldron*,
    47 N.Y.2d 297, 418 N.Y.S.2d 300 (N.Y. 1979).................................................11

*Rosen* v. *Spanierman*,
    894 F.2d 28, 33-34 (2d Cir. 1990); *Zipper* v. *Sun Co.*, 947 F. Supp. 62, 70 (E.D.N.Y. 1996)...........13

iii

*Sazerac Co., Inc.* v. *Falk,*
  861 F. Supp. 253 (S.D.N.Y. 1994) ...................................................................9

*Schnur* v. *CTC Comm. Corp.,*
  No. 05 Civ. 3297 (RJS), 2010 WL 1253481 (S.D.N.Y. Mar. 29, 2010)..................7

*Securities Investor Protection Corp.* v. *BDO Seidman, LLP,*
  49 F. Supp. 2d 644 (S.D.N.Y. 1999) ...............................................................9

*Spencer Trask Software And Information Servs. LLC* v. *Rpost Int'l Ltd.,*
  383 F. Supp. 2d 428 (S.D.N.Y. 2003).............................................................10

*Spiegel* v. *Schulman,*
  604 F.3d 72 (2d Cir. 2010) ...........................................................................10

*Steger* v. *Delta Airlines, Inc.,*
  382 F. Supp. 2d 382 (E.D.N.Y. 2005) ..............................................................5

*Varity* v. *Howe,*
  516 U.S. 489 (1996) .....................................................................................15

*Wynn* v. *AC Rochester,*
  273 F.3d 153 (2d Cir. 2001) ............................................................................6

## STATUTES

Employee Retirement Income Security Act of 1974, as amended,
  29 U.S.C. §1001, *et seq.* ("ERISA")...............................................................1

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ..................................................14

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ......................................................15, 16

FED. R. CIV. P. Rule 8(a)(2) ...........................................................................5

FED. R. CIV. P 9 ..........................................................................................12

FED. R. CIV. P 12(b)(6)............................................................................. 1, 4

42 U.S.C. §12111(5) .....................................................................................10

iv

## PRELIMINARY STATEMENT

Defendants Metropolitan Life Insurance Company ("MetLife"), incorrectly sued herein as Metropolitan Life Assurance Company, and Ariadne Staples, Esq. ("Staples"), who is in-house counsel for MetLife, respectfully submit this Memorandum of Law in support of their motion for an Order pursuant to Rule 12(b)(6), FED. R. CIV. P., dismissing Plaintiffs' Eighth Cause of Action against MetLife and Staples and Fourteenth and Fifteenth Causes of Action against MetLife.

Plaintiffs, Richard Hamedl ("Hamedl") and Carol Ryder, have alleged a myriad of claims against MetLife arising out of its administration of Hamedl's claim for disability benefits under the self-funded Verizon disability plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA"). Three of Plaintiffs' causes of action fail to state a claim for relief based on the allegations set forth in Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs' Eighth Cause of Action alleges that MetLife and Staples fraudulently misrepresented to the New York State Division of Human Rights ("NYSDHR") that MetLife was not the claims administrator for the Verizon Plan and that MetLife provided a requested ergonomic chair to Hamedl. Both alleged misrepresentations are contradicted by the July 31, 2008 letter that MetLife submitted to the NYSDHR, which is attached to the accompanying Declaration of Ariadne Staples. In addition, even if this Court were to accept Plaintiffs' allegations as true, the allegedly false representations were undeniably made to the NYSDHR and therefore, under controlling law the representations cannot form the basis for Plaintiffs' fraudulent misrepresentation claim because the representations were not made to them. Finally, Plaintiffs' Eighth Cause of Action alleges that they sustained physical pain and emotional distress as a result of this alleged fraudulent acts, which is simply not plausible and not a cognizable injury under New York law based on alleged fraudulent behavior.

Plaintiffs' claims against Staples in her personal capacity should also be dismissed because their allegations confirm that she was not acting outside the scope of her employment. Indeed, her sole involvement in this action is that she drafted a position statement for MetLife in response to the NYSDHR inquiry. This is indisputably an act within the scope of her employment as an in-house attorney for MetLife and does not expose her to individual liability as a matter of law. Consequently, this cause of action should be dismissed against Staples.

Plaintiffs' Fourteenth Cause of Action alleges that MetLife is liable for fraudulent misrepresentations with regard to an independent medical examination ("IME") performed by Edward Weiland, M.D. in connection with Hamedl's claim for disability benefits. Plaintiffs do not sufficiently allege facts with the requisite particularity to identify any misrepresentation by MetLife, reliance on this unspecified misrepresentation on Plaintiffs' part, or damages flowing from this purported fraudulent conduct. Accordingly, this Cause of Action fails to state a claim for which relief may be granted and should therefore be dismissed.

Plaintiffs' Fifteenth Cause of Action alleges that MetLife, along with Verizon, violated ERISA by issuing a Summary Plan Description ("SPD") that was confusing and by violating the terms of the Plan. Plaintiffs' claims do not state a claim for which relief may be granted against MetLife under ERISA. Specifically, Plaintiffs do not identify any damages arising from this purported violation or any relief sought to redress the complained of acts. As a result, the conclusory allegations set forth in Plaintiffs' Fifteenth Cause of Action are insufficient to state a claim for which relief may be granted.

For the reasons set forth more fully below, this Court should issue an order dismissing Plaintiffs' Eighth, Fourteenth and Fifteenth Causes of Action and dismissing Staples from this action.

## RELEVANT FACTS ALLEGED IN PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs allege that MetLife was the claims administrator for disability claims for the Verizon employee welfare disability benefit plan.  (FAC, ¶6).[1]  Plaintiffs further allege that Hamedl made a request to be placed on Verizon's "midnight tour" (between 12:00 P.M. and 8:00 A.M.) because it was easier for him to drive to work on that work schedule.  (FAC, ¶¶70, 72).  Plaintiffs claim that Hamedl was unable to work at any other time of day because of "multiple painful disabilities including a neurological condition known as Reflexive Sympathetic Dystrophy ("RSD"), adding to the already existing problems of, *inter alia*, his feet, hand, back and knees."  (FAC, ¶74). Plaintiffs allege that in the summer of 2007, Hamedl suffered increased lower back and neck pain due to herniated, bulging and degenerating discs.  (FAC, ¶76).  Plaintiffs further allege that MetLife informed Hamedl that it would not decide his request for this "reasonable accommodation" and that he should contact Verizon concerning this issue.  (FAC, ¶77).  Plaintiffs allege that they were then later informed that a person at Verizon made the decision not to accommodate Hamedl's request.  (FAC, ¶78).

Plaintiffs allege that Hamedl was required to appear at an IME by Edward Weiland, M.D. (FAC, ¶¶123, 124).  Plaintiffs claim that Dr. Weiland's examination of Hamedl was a "sham" because he only spent "short periods of time" looking at Hamedl's body parts.  (FAC, ¶169). Plaintiffs further allege that Dr. Weiland's findings were contradicted by Hamedl's treating doctors and that the treatment provided by those doctors included cortisone shots in Hamedl's hand five weeks after Dr. Weiland found Hamedl's hand to be "fine."  (FAC, ¶170).  Plaintiffs also allege that Dr. Weiland represented that a number of Hamedl's complaints were "outside his specialty."  (FAC, ¶¶170-73).

---

[1] A copy of Plaintiffs' First Amended Complaint is annexed as Exhibit "A" to the Declaration of Michael H. Bernstein dated November 29, 2010.

Plaintiffs also allege that Hamedl made a request for an ergonomically correct chair.  (FAC, ¶98).  Plaintiffs allege that Hamedl was measured for an ergonomic chair on or about December 22, 2007 but that the chair did not arrive until he stopped working February 2008.  (*Id*.).  Although Hamedl did not see the chair, he was advised by a co-worker that it was received and placed in a closet until his return to work.  (*Id*.).

In June 2008, Plaintiffs filed a complaint with the NYSDHR and MetLife submitted a response to this complaint.  (FAC, ¶131).  Plaintiffs claim MetLife's response letter contained false representations, which were: (1) that MetLife submitted an incorrect Summary Plan Description ("SPD") for the Verizon disability plan, which stated that Aetna was the claims administrator of the Verizon Plan, when there were more recent versions of the SPD indicating that MetLife was the claims administrator (FAC, ¶150); and (2) that MetLife misrepresented that "it provided an auxiliary aid, an ergonomically correct chair, when it did not." (FAC, ¶151).

Lastly, Plaintiffs allege that Verizon and MetLife's response to their complaint included the filing of "fraudulent documents" with the NYSDHR and that because of this circumstance, they were forced to file an appeal to the U.S. Equal Employment Opportunity Commission ("EEOC"). (FAC, ¶132).  Plaintiffs allege that after the appeal, Hamedl was issued a "right to sue letter."  (FAC, ¶134).

## **STANDARD OF REVIEW**

When ruling on a motion to dismiss under Rule 12(b)(6), FED. R. CIV. P., the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Holmes* v. *Grubman,* 568 F.3d 329, 335 (2d Cir. 2009) (citation omitted); *see Faber* v. *Metropolitan Life Ins. Co.*, No. 08 Civ. 10588(HB), 2009 WL 3415369, *2 (S.D.N.Y. Oct. 23, 2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

4

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007) (holding that FED. R. CIV. P. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief") (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft* v. *Iqbal* (*"Iqbal"*), _ U.S. _, 129 S. Ct. 1937, 1949 (2009).

A claim will survive a motion to dismiss only if it "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949; *see also Bordas* v. *Payant,* 09-1249, 2010 WL 1635714, *1 (2d Cir. Apr. 22, 2010). On a motion to dismiss, the Court may consider "the facts stated on the face of the Complaint and in documents appended to the Complaint or incorporated in the Complaint by reference, as well as [ ] matters of which judicial notice may be taken." *Hertz Corp.* v. *City of New York*, 1 F.3d 121, 125 (2d Cir. 1994); *Faber*, 2009 WL 3415369, at *1, n.1; *Steger* v. *Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005). In this case, because Plaintiffs reference MetLife's letter to the NYSDHR dated July 31, 2008, this Court can consider this submission and whether the letter actually includes the representations that Plaintiffs allege it includes as the basis for their claims. (Declaration of Ariadne Staples dated November 24, 2010, Ex. "A" ("Staples Dec.")).

## ARGUMENT

## POINT I

### PLAINTIFFS' EIGHTH CAUSE OF ACTION FAILS TO PLEAD A CLAIM FOR RELIEF AGAINST METLIFE OR STAPLES

Plaintiffs allege that Staples and MetLife misrepresented facts to the NYSDHR, which caused them both "emotional distress, physical pain, loss of consortium, and great financial loss."

(FAC, ¶150).  As a matter of law, Plaintiffs' Eighth Cause of Action fails to allege a claim for which relief may be granted.

In order to assert a claim for common law fraud, a plaintiff must plead facts to support the following elements: (1) misrepresentation of a material fact; (2) which the defendant knew to be false (3) which the defendant made with the intention of inducing reliance; and (4) upon which the plaintiff reasonably relied; and (5) injury or damages caused to the plaintiff by the misrepresentation. *See Wynn* v. *AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001); *Gaidon* v. *Guardian Life Ins. Co.*, 94 N.Y.2d 330, 348, 704 N.Y.S.2d 177, 185 (N.Y. 1999); *Lama Holding Co.* v. *Smith Barney Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 80 (N.Y. 1996); *New York Univ.* v. *Continental Ins. Co.*, 87 N.Y.308, 318, 639 N.Y.S.2d 283, 289 (N.Y. 1995).

In Plaintiffs' First Amended Complaint, they fail to allege any such misrepresentation of material fact by either Staples or MetLife.  Moreover, since they are alleging fraud, Plaintiffs must plead and identify the alleged misrepresentation(s) with particularity in accordance with Rule 9, FED. R. CIV. P.  Specifically, controlling precedent requires that Plaintiffs allege "the time, place, speaker and content of the alleged misrepresentation." *DiVottorio* v. *Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).  At most, Plaintiffs' First Amended Complaint alleges who the speaker was, but otherwise fails to identify any of the other requisite facts with sufficient specificity (FAC, ¶¶149-151) (i.e., Plaintiffs fail to identify the time, the place or the content of the purported misrepresentation.).  Instead, Plaintiffs vaguely allege that at some point in time, MetLife made two misrepresentations to the NYSDHR.  Since MetLife submitted one letter to the NYSDHR in response to its request for a statement of position, it is understood that Plaintiffs' references are to that letter and its attachments, but nowhere is this alleged in Plaintiffs' First Amended Complaint.

Notably, while Plaintiffs allege facts they believe demonstrate "indicia" of fraudulent conduct, they fail to identify the actual fraudulent misrepresentations supposedly made by Staples or

6

MetLife.  (FAC, ¶¶150-51).  Plaintiffs identify two misrepresentations MetLife allegedly made in its submission to the NYSDHR, which are: (i) it submitted an outdated SPD, which indicated Aetna as the claims administrator; and (ii)  it represented that it provided Hamedl an "ergonomically correct" chair.  (FAC 150-51).  But Plaintiffs' claims concerning these purported fraudulent misrepresentations are demonstrably incorrect because, as reflected by MetLife's submission, it never made these alleged representations to the NYSDHR.

Plaintiffs' first alleged misrepresentation is that MetLife submitted a false SPD to the NYSDHR because the document submitted as an attachment to its statement of position stated that Aetna was the claims administrator for the Verizon Plan.  (FAC, ¶150).  Plaintiffs allege that this representation was false because MetLife had been the claims administrator and newer versions of the SPD would have demonstrated this fact.  (*Id*.).  Plaintiffs, however, do not allege that the NYSDHR was misled by this document in any way.  (*Id*.).  In fact, MetLife's letter to the NYSDHR dated July 31, 2008, which attached the SPD, expressly advised the NYSDHR that "MetLife serves solely as claims administrator for the Plan under the terms of an Administrative Services Agreement between MetLife and the [Verizon Employee Benefits Committee]."  (Staples Dec., Ex. "A," p. 2).  Therefore, Plaintiffs' allegations that MetLife's submission of an incorrect and out-dated copy of the SPD constitutes a material misrepresentation is incorrect because the discrepancy between MetLife's involvement in this issue and the terms of the SPD was cured in its July 31, 2008 letter.[2]  (*Id*.).

Plaintiffs' also alleges that MetLife misrepresented to the NYSDHR that it "provided an auxiliary aid, an ergonomically correct chair, when it did not."  (FAC, ¶151).  But MetLife never made such representation to the NYSDHR.  Rather, MetLife's letter to the NYSDHR stated: "Based

---

[2] It is not an uncommon or exceptional occurrence when an employee benefit plan does not promptly update its SPD when there is a change from one claims administrator to another.  *See, e.g., Schnur* v. *CTC Comm. Corp.*, No. 05 Civ. 3297 (RJS), 2010 WL 1253481 (S.D.N.Y. Mar. 29, 2010); *Giannone* v. *Metropolitan Life Ins. Co.*, 311 F. Supp. 2d 168, 175 (D. Mass. 2004); *Maniatty* v. *Unumprovident Corp.*, 218 F. Supp. 2d 500, 501-02 (S.D.N.Y. 2002), *aff'd* 62 Fed.Appx. 413 (2d Cir. 2003); *Abatie* v. *Alta Health & Life Ins. Co.*, 458 F.3d 955, 960 (9th Cir. 2006).

on the results of such assessment MetLife informed Verizon that it was determined by the clinical staff at MetLife that [Hamedl] could benefit from an ergonomic modification in the workplace." (Staples Dec., Ex. "A," p. 5).  Nowhere does the letter state that MetLife actually provided Hamedl with the chair.  (Staples Dec., Ex. "A").  Consequently, Plaintiffs' second alleged misrepresentation is refuted by the documentary evidence, and is therefore unsustainable.

Even assuming that MetLife made these purported material misrepresentations of fact to the NYSDHR, Plaintiffs would not have standing to pursue the claim asserted in their Eighth Cause of Action.  In *Hamilton* v. *Accu-Tek*, 935 F. Supp. 1307 (E.D.N.Y. 1996), U.S. District Judge Weinstein addressed whether the plaintiffs had set forth a claim for common law fraud when they alleged that gun manufacturers misrepresented facts to government officials.  Judge Weinstein ruled that:

> For Plaintiffs to succeed, they must show that any deception would have been 'calculated and intended' to influence the plaintiffs. [*Kuelling* v. *Roderick Lean Mfg. Co.*, 183 N.Y. 78, 85 (N.Y. 1905)]; *see also Brackett* v. *Griswold*, 112 N.Y. 454, 20 N.E. 376[, (N.Y. ]1889). As the *Brackett* court noted, a person making a representation is only accountable for its truth or honesty to those he or she seeks to influence. *Id.* Absence of this element is fatal to any claim for fraud. *See Keullling*, 183 N.Y. at 85.

935 F. Supp. at 1324.  Here, MetLife's alleged misrepresentations were made to the NYSDHR—not to the Plaintiffs.  Therefore, Plaintiffs do not have standing to allege a claim for fraudulent misrepresentation.  *See Aymes* v. *Gateway Demolition Inc.*, 30 A.D.3d 196, 197, 817 N.Y.S.2d 233, 234 (1st Dep't 2006) (holding that the claims were not actionable because "the alleged misrepresentations were made to the City, not to plaintiff . . ."); *see also Kuiters* v. *Kukulka*, 57 A.D.3d 1469, 1470, 871 N.Y.S.2d 538, 539 (4th Dep't 2008) ("The allegedly fraudulent misrepresentations were not made to plaintiffs, and plaintiffs thus lack standing to assert a fraud cause of action against defendants.") (citations omitted); *Pensee Assocs., LTD* v. *Quon Industs., LTD.*, 241 A.D.2d 354, 360, 600 N.Y.S.2d 563, 567 (1st Dep't 1997).

Moreover, Plaintiffs have failed to allege that they justifiably relied on either of the purported misrepresentations that MetLife allegedly made to the NYSDHR. "Common law fraud claims must be supported by factual allegations demonstrating a plaintiff's actual, direct reliance on the misrepresentation." *Securities Investor Protection Corp.* v. *BDO Seidman, LLP*, 49 F. Supp. 2d 644, 656 (S.D.N.Y. 1999); *see Sazerac Co., Inc.* v. *Falk*, 861 F. Supp. 253, 260 (S.D.N.Y. 1994). Plaintiffs' First Amended Complaint establishes they did not justifiably rely on these representations. (FAC, ¶¶150-151). In fact, it is clear that they have always disputed them. (*Id.*). Thus, Plaintiffs cannot demonstrate justifiable reliance on MetLife's purported misrepresentations.

Finally, Plaintiffs have not alleged any cognizable injuries flowing from the alleged misrepresentations. Plaintiffs allege that they have suffered "emotional distress, physical pain, loss of consortium and great financial loss" as a result of MetLife's purported fraudulent misrepresentations. (FAC, ¶150). "Loss causation requires that there be traditional, common law proximate cause between a party's action and the harm alleged." *ADL, LLC* v. *Tirakian*, No. 06-cv-5076 (SJF)(MDG), 2010 WL 3926135, *5 (E.D.N.Y. Sept. 29, 2010) (citing *AUSA Life Ins. Co.* v. *Ernst & Young*, 206 F.3d 202, 209 (2d Cir. 2000)). Plaintiffs' allegations in their First Amended Complaint are insufficient to demonstrate any causal nexus between MetLife's purported misrepresentations and their claimed damages. (FAC, ¶150). Moreover, it is not plausible under the applicable pleading standards that Plaintiffs suffered any physical or emotional harm by the submission of an outdated SPD to the NYSDHR or by their claim that MetLife inaccurately advised the NYSDHR that it had provided Hamedl with an ergonomic chair. (FAC, ¶150); *see Pappas* v. *Harrow Stores, Inc.*, 140 A.D.2d 501, 504, 528 N.Y.S.2d 404, 407 (2d Dep't 1988).

To the extent Plaintiffs claim that they have suffered pecuniary loss from MetLife's purported misrepresentations to the NYSDHR, they have not sufficiently alleged facts to demonstrate that these alleged misrepresentations were the proximate cause of any actual losses

sustained by Plaintiffs. (FAC, ¶150). Plaintiffs must allege sufficient facts with particularity demonstrating their alleged losses were caused by the alleged misrepresentation. *See Spencer Trask Software And Information Servs. LLC* v. *Rpost Int'l Ltd.*, 383 F. Supp. 2d 428, 456 (S.D.N.Y. 2003). Since they have failed to do so, Plaintiffs have failed to allege any injuries resulting from the purported misrepresentations they claim MetLife and Staples made to the NYSDHR.

Accordingly, this Court should dismiss Plaintiffs' Eighth Cause of Action.

## POINT II

### PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM THAT ARIADNE STAPLES WAS ACTING IN HER INDIVIDUAL CAPACITY

Plaintiffs' only cause of action against Staples in her individual capacity is their Eighth Cause of Action alleging that she acted outside the scope of her employment by writing a letter on behalf of MetLife responding to the NYSDHR inquiry.[3] Therefore, Plaintiffs' Eighth Cause of Action fails to state a claim for relief for the reasons set forth *supra*, POINT I. To the extent this Court sustains any portion of Plaintiffs' Eighth Cause of Action, it should still be dismissed against Staples because she did not act outside of the scope of her employment in writing and submitting this letter.

The factors that the Court should consider in determining whether an employee is acting within the scope of employment are the following:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Riviello* v. *Waldron*, 47 N.Y.2d 297, 303, 418 N.Y.S.2d 300, 303 (N.Y. 1979). "Although the issue of whether an employee is acting within the scope of his or her employment generally is one of fact, it

---

[3] Plaintiffs do not allege that Staples qualifies as Hamedl's employer, nor could they. (FAC, ¶10); *see* 42 U.S.C. §12111(5); *Spiegel* v. *Schulman*, 604 F.3d 72, 79-80 (2d Cir. 2010).

may be decided as a matter of law in a case such as this, in which the relevant facts are undisputed."
*Carlson* v. *Porter*, 53 A.D.3d 1129, 1131, 861 N.Y.S.2d 907, 910 (4th Dep't 2008).

    In this case, Plaintiffs' allegations confirm that Staples was acting within the scope of her
authority as an employee of MetLife.  Initially, there is no indication that the NYSDHR sent a letter
directly to Staples and thus, she clearly responded on MetLife's behalf as indicated in MetLife's July
31, 2008 letter.  (Staples Dec., Ex. "A").  Plaintiffs allege that "Defendant Ariadne Staples[ is] an
employee of MetLife, who wrote MetLife's 2009[4] responses to an action Mr. Richard Hamedl filed
with the New York State Division of Human Rights. . ." (FAC, ¶150).  Plaintiffs also allege that
"Defendant Ariadne Staples, Esq. was, at all relevant times set forth in this complaint, employed by
MetLife, a New York resident, and wrote MetLife's response in an action Mr. Richard Hamedl filed
with the New York State Division of Human Rights."  (FAC, ¶10).  Therefore, Plaintiffs' First
Amended Complaint alleges, on at least two occasions, that the response by Staples was submitted
on behalf of MetLife and they have not alleged any facts to indicate that Staples acted in any way
outside the scope of her employment.  *See Canelle* v. *Russian Tea Room Realty LLC*, No. 01 Civ.
0616(DAB), 2002 WL 287750, *3 (S.D.N.Y. Feb. 27, 2002); *Marine Midland Bank* v. *John E. Russo
Produce Co.*, 50 N.Y.2d 31, 44, 427 N.Y.S.2d 961, 968-69 (N.Y. 1980); *A.S. Rampell, Inc.* v. *Hyster Co.*,
3 N.Y.2d 369, 378, 165 N.Y.S.2d 475, 483 (N.Y. 1957).  Accordingly, Plaintiffs' Eighth Cause of
Action should be dismissed against Staples because her involvement in this matter was solely as a
MetLife employee acting within the scope of her employment.

    To the extent Plaintiffs assert a claim against Staples for MetLife's submission to the
NYSDHR based on a purported breach of attorney ethical violations, that kind of allegation fails to
state a claim for relief.  (FAC, ¶150).  "As a general rule in New York, a lawyer has 'no duty of due
care to third parties . . .'" *Pope* v. *Rice*, No. 04 Civ. 4171(DLC), 2005 WL 613085, *10 (S.D.N.Y.

---

[4] This date appears to be incorrect and should reference the year 2008, not 2009.  (FAC, ¶¶131-133).

Mar. 14, 2005).  Plaintiffs do not allege that they were in privity of contract with Staples.  Thus, even if Plaintiffs allegations of an ethical violation were true (which MetLife and Staples dispute), the claim fails to state a claim for which relief may be granted.

Accordingly, Plaintiffs' claims against Staples in her personal capacity should be dismissed.

**POINT III**

**PLAINTIFFS' FOURTEENTH CAUSE OF ACTION
AGAINST METLIFE SHOULD BE DISMISSED**

Plaintiffs' Fourteenth Cause of Action alleges that MetLife wrote a report dated June 5, 2008 for Edward Weiland, M.D. after he performed an IME of Plaintiff Hamedl.  (FAC, ¶¶168-176).  Initially, Plaintiffs' allegation that MetLife wrote this report is contradicted by Plaintiffs' other allegations claiming that Dr. Weiland prepared the report.  (FAC, ¶¶ 3, 18).  Nevertheless, even if the allegations in this cause of action are accepted as true, they still do not state a claim for which relief may be granted as against MetLife.[5]

First, Plaintiffs do not identify any misrepresentation of material fact.  As noted previously, under Rule 9, FED. R. CIV. P., Plaintiffs must allege "the time, place, speaker and content of the alleged misrepresentation."  *DiVottorio*, 822 F.2d at 1247.  Each and every representation identified by Plaintiffs in this Cause of Action involves interactions between Dr. Weiland and Plaintiffs at the IME and do not include MetLife.  (FAC, ¶¶168-176).  While Plaintiffs' allegations concerning their conversations with Dr. Weiland at the IME do not identify any fraudulent misrepresentations by Dr. Weiland, they do not identify *any representations* by MetLife in the context of the IME at all.  Since

---

[5] Plaintiffs' allegations indicate that the IME may have been performed in connection with MetLife's evaluation of whether Hamedl qualified for disability benefits under the Verizon Plan.  Plaintiffs have not alleged sufficient facts at this point to confirm that the IME is related to the administration of plan benefits.  To the extent that the IME relates to the administration of the Plan, this Cause of Action is completely preempted by ERISA.  *See Aetna Health Inc.* v. *Davila*, 542 U.S. 200, 210 (2004); *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41, 54 (1987); *Metropolitan Life Ins. Co.* v. *Taylor*, 41 U.S. 58, 63-64 (1987); *Cicio* v. *Does*, 208 F. Supp. 2d 288 (E.D.N.Y. 2001), *aff'd* on these grounds 321 F.3d 82 (2d Cir. 2003).

12

Plaintiffs failed to allege any misrepresentation of material fact by MetLife with any specificity in order to meet the pleading requirements of Rule 9, FED. R. CIV. P, this cause of action should be dismissed.

Moreover, Plaintiffs have not alleged any justifiable reliance on any purported misrepresentation by MetLife as alleged in this cause of action. Specifically. Plaintiffs fail to allege what steps they took in reliance on the purported misrepresentation by MetLife. Justifiable reliance is an element of a cause of action for fraudulent misrepresentation. *See Cement & Concrete Workers Dist. Council Welfare Fund* v. *Lollo*, 148 F.3d 194, 196 (2d Cir. 1998); *Rosen* v. *Spanierman*, 894 F.2d 28, 33-34 (2d Cir. 1990); *Zipper* v. *Sun Co.*, 947 F. Supp. 62, 70 (E.D.N.Y. 1996). Since Plaintiffs failed to allege facts to support a claim that they took steps in justifiable reliance on the alleged misrepresentation by MetLife, their cause of action for fraudulent misrepresentation fails to state a claim for which relief may be granted.

Furthermore, Plaintiffs alleged the same purported injuries for this cause of action as they do with regard to their Eighth Cause of Action for fraudulent misrepresentation. Plaintiffs allege that they have suffered "emotional distress, physical pain, loss of consortium and great financial loss" as a result of the purported fraudulent misrepresentations. (FAC, ¶174). These purported damages do not flow from any misrepresentation alleged by Plaintiffs in either the Eighth or Fourteenth Causes of Action. *See Pappas*, 140 A.D.2d at 504, 528 N.Y.S.2d at 407.

Accordingly, Plaintiffs' Fourteenth Cause of Action for fraudulent misrepresentation against MetLife should be dismissed.

## POINT IV

## PLAINTIFFS' FIFTEENTH CAUSE OF ACTION AGAINST METLIFE FOR PURPORTED ERISA VIOLATIONS FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Plaintiffs' Fifteenth Cause of Action alleges that MetLife and Verizon issued an SPD "that is not understandable by the average recipient and then repeatedly violat[ed] the terms of such SPD when calculating Mr. Richard Hamedl's disability benefits." (FAC, ¶176). This Cause of Action fails to state a claim for relief against MetLife because this type of claim does not provide for substantive benefits greater than what the Plan provides. *See Engers* v. *AT&T*, 428 F. Supp. 2d 213, 238 (D. N.J. 2006) *reconsideration denied*, No. 98-3660 (JLL), 2006 WL 3359722 (D. N.J. Nov. 20, 2006).

Plaintiffs appear to allege that Hamedl did not receive all benefits he believes are due under the Plan because the SPD required that the Plan disability benefits were to restart if he had returned to work for fifteen weeks before seeking disability benefits for a third time, which allegedly would have entitled him to receive a full thirty-nine weeks of disability benefits at the equivalent of his full salary. (FAC, ¶¶92-94). This claim, however, is undeniably a claim to enforce rights to benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).[6] Plaintiffs have failed to allege that they pursued an administrative appeal and exhausted all available administrative remedies under the Plan before commencing this lawsuit, which is a precondition to filing a lawsuit under this section of ERISA. *See Kennedy* v. *Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993); *see also Klotz* v. *Xerox Corp.*, 332 Fed. Appx. 668, 670 (2d Cir. 2009); *Holm* v. *First Unum Life Ins. Co.*, 7 Fed. Appx.

---

[6] To the extent any provision is ambiguous or requires interpretation, that provision should be interpreted by the plan fiduciary vested with discretionary authority to make that decision and is subject to this Court's deferential review. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1650 (2010). Plaintiffs' allegations seem to be an attempt to circumvent the deferential review that the Court must apply to a claim fiduciary's decision. But this type of end run around ERISA's remedial statute is improper and completely preempted by ERISA. *See Davila*, 542 U.S. at 210; *Massachusetts Life Ins. Co.* v. *Russell*, 473 U.S. 134, 144 (1985).

14

40, 42 (2d Cir. 2001). Thus, Plaintiffs cannot allege a claim for benefits due under ERISA at this time and any other claim seeking to enforce rights to ERISA benefits are preempted.[7]

To the extent Plaintiffs claim that they are entitled to relief not otherwise provided by the Plan, they must allege facts that would support a claim for estoppel. In order for Plaintiffs to obtain any relief for an SPD that is purportedly not understandable, they must show "extraordinary circumstances," including: (i) a material misrepresentation; (2) reliance; and (3) damage. *See Pochady* v. *Building Serv. 32B-J Pension Fund*, 5 Fed. Appx. 16, 22, 2001 WL 209872, *5 (2d Cir. 2001); *Arnold* v. *Storz*, No. 00-cv-4485(CBA), 2005 WL 2436207, *9 (E.D.N.Y. Sept. 30, 2005). Plaintiffs fail to allege facts to support a material misrepresentation of fact in the SPD that Hamedl relied on to his detriment. As a result, they have failed to identify any representation upon which to predicate a claim for estoppel. *See Chambless* v. *Masters, Mates & Pilots Pension Plan*, 772 F.2d 1032, 1039 (2d Cir. 1985).

Moreover, to the extent Plaintiffs are seeking relief other than a claim to enforce a right to Plan benefits, they are limited to seeking equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). *See Varity* v. *Howe*, 516 U.S. 489, 512 (1996); *Massachusetts Life Ins. Co.* v. *Russell*, 473 U.S. 134, 144 (1985). But Plaintiffs' Fifteenth Cause of Action does not seek "to obtain other appropriate equitable relief." 29 U.S.C. §1132(a)(3). Instead, Plaintiffs have sought $15 million in compensatory damages and various other claims for relief. (FAC, p. 50).

In *Lee* v. *Burkhart*, 991 F.2d 1004 (2d Cir. 1993), the Second Circuit addressed whether the plaintiffs had adequately set forth a claim under ERISA §502(a)(3) to address defects in the SPD, which did not advise participants that the employee health benefit plan was self-insured by the employer. (The employer had filed for bankruptcy protection and was no longer able to fund health benefits under the Plan.). In *Lee*, the plaintiffs alleged that the claims administrator (which was also

---

[7] *See* footnote 5, *supra.*

15

an insurance company) should be liable for payments because the plaintiffs were mislead to believe that the claims administrator insured the benefits under the plan.  The Second Circuit ruled that the plaintiffs failed to allege a claim for relief because their complaint did not seek equitable relief and "[m]oney damages are generally unavailable under" ERISA §502(a)(3).  *Id.* at 1011; *see also Kendall* v. *Employees of Retirement Plan of Avon Prods.*, 561 F.3d 112, 119 (2d Cir. 2009); *Gerosa* v. *Savasta & Co. Inc.*, 329 F.3d 317, 321 (2d Cir. 2003).  Similarly, Plaintiffs here do not seek "other appropriate equitable relief" to address the purported defects in the SPD, and money damages are likewise unavailable.

Accordingly, this Court should dismiss Plaintiffs' Fifteenth Cause of Action against MetLife.

## CONCLUSION

For the foregoing reasons, this Court should issue an order dismissing Plaintiffs' Eighth Cause of Action against MetLife and Ariadne Staples, Fourteenth Cause of Action against MetLife and Fifteenth Cause of Action against MetLife.


Dated:  New York, New York
        November 29, 2010

                                        Respectfully Submitted,


                                        s/ _____
                                        Michael H. Bernstein (MB 0579)
                                        John T. Seybert (JS 5014)
                                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                        ATTORNEYS FOR DEFENDANTS
                                        METROPOLITAN LIFE INSURANCE COMPANY and
                                        ARIADNE STAPLES
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202

16

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND ARIADNE STAPLES'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS was served via email and regular mail on this 29th day of November, 2010, upon the following:

| | |
|---|---|
| Carol Ryder Esq.<br>10 Salonga Woods Road<br>Fort Salonga NY 11758<br>Business Phone:  (631) 848-1204<br>Business E-mail:  mailto:carol.ryder@ymail.com | Amy S. Young Esq.<br>CWA Legal Department<br>350 Seventh Avenue, 18th Floor<br>New York NY 10001<br>Business Phone:  (212) 419-1550<br>Business E-mail:  ayoung@cwa-union.org |
| Marcy D. Sheinwold Esq.<br>Lewis Johs Avallone Aviles, LLP<br>425 Broad Hollow Road--Suite 400<br>Melville NY 11747-4712<br>Business Phone:  (631) 755-0101<br>Business E-mail:  mdsheinwold@lewisjohs.com | Robert J. Brener, Esq.<br>Edwards & Angell, LLP<br>One Giralda Farms<br>Madison NJ 07940<br>Business Phone:  (973) 520-2319<br>Business E-mail:  rbrener@eapdlaw.com |

s/
JOHN T. SEYBERT (JS 5014)

Dated:     New York, New York
               November 29, 2010