

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

Attorneys at Law

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | PITTSBURGH, PA | WHITE PLAINS, NY |

DIRECT DIAL: (212) 545-4022
EMAIL ADDRESS: COURTIAJ@JACKSONLEWIS.COM

September 16, 2011

**VIA ECF**
Hon. Sandra J. Feuerstein and Hon. William D. Wall
U. S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438

       Re:  **Hamedl, et al. v. Weiland, et al.**
          **10 CV 2738 (SJF) (WDW)**

Dear Your Honors:

    We represent Defendants Verizon New York, Inc. ("Verizon"), Linda Mikalik, Jim Arnone, and John Croke (collectively "Verizon Defendants"). We write in opposition to Plaintiffs' letter motion seeking to compel Verizon to respond to Plaintiffs' purported "revised" and "condensed" Interrogatories served on August 25, 2011. The purportedly "revised" and "condensed" Interrogatories bear little to no resemblance to Plaintiffs' original April 27, 2011 Interrogatories ("original Interrogatories").[1] In addition, Plaintiffs' Letter Motion ignores that (1) on August 4, 2011, Verizon served supplemental objections and answers to Plaintiffs' original Interrogatories[2]; and (2) Plaintiffs <u>never</u> have expressed any objection to these supplemental answers. Thus, pursuant to Judge Feuerstein's individual Rule 5(c), Plaintiffs have waived their opportunity to raise any objection to Verizon's objections and answers to the original Interrogatories. Therefore, the Court should deny Plaintiffs' motion to compel.[3]

**Background**

    Plaintiffs commenced this action by filing their Complaint on or about June 15, 2010. On or about November 16, 2010, Magistrate Judge Wall issued a Scheduling Order whereby discovery was to be completed by June 14, 2011, some seven (7) months later. Over five months after the Scheduling Order was entered, on April 27, 2011, Plaintiffs served Interrogatories and Document Requests on the Verizon Defendants. On May 27, 2011, the Verizon Defendants timely served their objections and responses to these written discovery requests and later supplemented their responses with additional answers to Plaintiffs' Interrogatories. On June 16, 2011, Magistrate Judge Wall: (1) ordered in part that discovery would be extended to June 27, 2011; and (3) ordered the parties to submit a Joint Pretrial Order to this Court on or before June 27, 2011. On June 27, 2011, the parties timely filed the Joint Pretrial Order.

---

[1] Plaintiffs April 27, 2011 Interrogatories to Verizon are attached hereto as Exhibit "A." (The interrogatories directed to Defendant Verizon appear on pages 14 to 19.)
[2] Verizon's August 4, 2011 Supplemental Objections and Answers to Plaintiffs' Interrogatories are attached hereto as Exhibit "B."
[3] To the extent the Court grants Plaintiffs' motion to compel, the Verizon Defendants request an extension of the October 12, 2011 deadline for the submission of dispositive motions as well as permission to amend the Pretrial Order that the parties prepared in the event that summary judgment has not disposed of this case in its entirety.

**jackson│lewis**
Attorneys at Law

Hon. Sandra J. Feuerstein and Hon. William D. Wall
September 15, 2011
Page 2

On June 27, 2011, Plaintiffs filed a motion to compel Verizon to respond to Plaintiffs' discovery requests. On June 28, 2011, Magistrate Wall denied Plaintiffs' motion to compel due to (1) Plaintiffs' failure to assert with any specificity the purported deficiencies in Verizon's discovery responses; and (2) Plaintiffs' failure to specify the date on which Verizon allegedly failed to comply with Plaintiffs' discovery requests. Moreover, Magistrate Wall's Order specifically reminded Plaintiffs of Judge Feuerstein's Rule 5(c) which obligates parties to bring to the Court's attention any discovery deficiencies within ten days of "the earliest indication" of non-compliance or the Court would treat said failure as a waiver of compliance.

On July 26, 2011, after obtaining new counsel on the case, Plaintiffs served an entirely new set of discovery demands on Verizon which included interrogatories, requests to admit and three deposition notices. We informed Plaintiffs' counsel that Verizon does not intend to respond to these new discovery requests insofar as they were served well past the June 27, 2011 discovery deadline. On August 12, 2011, Plaintiffs filed a letter motion with the Court seeking to compel Verizon's responses to this new set of discovery demands. On August 15, 2011, Judge Feuerstein issued an order which stated Plaintiffs' motion was granted "insofar as the Parties may continue outstanding discovery until October 12, 2011 and disputes concerning discovery are referred to Magistrate Judge Wall." On August 18, 2011, Judge Feuerstein clarified that the term "outstanding discovery" as used in her August 15, 2011 Order refers to "outstanding discovery items demanded in original discovery, as approved by Magistrate Judge Wall, that have not been objected to or previously ruled upon. <u>Parties may not file new discovery demands</u>." (emphasis added).

On August 26, 2011, in yet another attempt to obtain additional discovery responses, Plaintiffs served Verizon with its purportedly "revised" Interrogatories. We informed Plaintiffs' counsel that the new interrogatories were not merely revisions of the original interrogatories but, instead, were new interrogatories and that Verizon does not intend to respond to them. <u>See</u> Defendants' September 9, 2011 letter attached as Exhibit "C."

**Plaintiffs' "Revised" and "Condensed" Interrogatories Constitute New Discovery Requests**

Plaintiffs' "revised" and "condensed" Interrogatories constitute entirely new discovery requests and are nothing more than another attempt to re-open discovery. For example, "revised" Interrogatory No. 9 requests Verizon to identify "the present title, assigned job duties and professional contact information for Susan Powderly." Plaintiffs' original Interrogatories contain <u>no</u> request relating to Ms. Powderly. Similarly, "revised" Interrogatory No. 2 requests that Verizon "[i]dentify the manner and formulae utilized by Verizon in calculating the Continuous Service Date of Richard John Hamedl." Plaintiffs' original Interrogatories did not ask how the "Continuous Service Date" is calculated. In addition, Plaintiffs' "revised" Interrogatory No. 4 requests Verizon to "[i]dentify any and all policies and procedures…regarding the calculation of employee entitlement to retirement and pension benefits…" Plaintiffs' original Interrogatories make <u>no</u> reference to "pension" or "retirement benefits." Accordingly, Plaintiffs' "revised" Interrogatories bear little or no resemblance to Plaintiffs' original Interrogatories. Plaintiffs' attempt to serve new discovery requests violates Judge Feuerstein's August 18, 2011 Order, and Plaintiffs' motion to compel should be denied.

**Plaintiffs' Waived Their Opportunity To Raise Any Purported Discovery Deficiencies**


Attorneys at Law

Even if this Court finds Plaintiffs' "revised" Interrogatories are not new discovery requests, Plaintiffs' have long since waived their right to raise any purported deficiencies with Verizon's responses to the original Interrogatories. As set forth above, Judge Feuerstein's individuals provide that any deficiencies must be brought to the Court's attention within ten (10) days of the services of the allegedly deficient response. In his June 28, 2011 Order, Magistrate Wall specifically reminded Plaintiffs of their obligations under Judge Feuerstein's Rule 5(c).

Verizon served Plaintiffs with it answers and objections to Plaintiffs' original Interrogatories on May 27, 2011. Plaintiffs failed to raise with the Court any issues with Verizon's responses within ten days of receiving these responses. On August 4, 2011, Verizon served Plaintiffs with supplemental answers and objections to the original Interrogatories. See Exhibit "B." Plaintiffs again failed to raise any purported deficiencies with the Court within ten days of this service. Accordingly, Plaintiffs have failed to comply with Judge Feuerstein's 10-day Rule, and Plaintiffs' motion to compel should be denied.

### The Verizon Defendants Will Be Prejudiced If Required To Engage In New Discovery

Plaintiffs had over seven months to conduct discovery. Defendants operated under the deadline imposed by the Court and will be severely prejudiced if the Court requires Verizon to engage in the new discovery requested by Plaintiffs. Indeed, counsel for the Verizon Defendants already have spent significant time drafting a motion for summary judgment based on the evidence adduced within the discovery deadline and based on the belief that Motion is due on October 12, 2011.[4] If Plaintiffs' Motion is granted, the Verizon Defendants would be required to spend time responding to Plaintiffs' new written discovery and thereby would be placed in an unreasonable position of having to engage in discovery up until the summary judgment due date and at the same time attempt to revise and finalize their motion papers. Moreover, permitting Plaintiffs to conduct additional discovery would be patently unfair unless Defendants also are permitted to conduct additional discovery and then the due date for dispositive motions would need to be re-set. Finally, reopening discovery likely would require the parties to make substantial revisions to the parties' Joint Pretrial Order, which they already spent significant time and resources to prepare.

### CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiffs' Letter Motion. If the Court orders Verizon to prepare and produce objections and responses to Plaintiffs' new interrogatories, we request that the Court provide Defendants with additional time to submit their motion for summary judgment and permit the parties to submit an amended Pretrial Order.

---

[4] Defendant Weiland and the Union Defendants already have filed their Motions for Summary Judgment.



Hon. Sandra J. Feuerstein and Hon. William D. Wall  
September 15, 2011  
Page 4

          Respectfully submitted,

          JACKSON LEWIS LLP

          */s/ Jennifer B. Courtian*

          Jennifer B. Courtian

Encls.
cc:    Saul Zabell, Esq. (Plaintiffs) (via ECF)  
       John T. Seybert, Esq. (Defendant Met Life, et al.) (via ECF)  
       David Metzger, Esq. (Defendant Weiland) (via ECF)  
       Amy S. Young, Esq. (Defendant CWA, et al.) (via ECF)

4822-0083-0730, v. 1